Plaintiff, Harvey Canal Land and Improvement Company, brought this suit for $115, alleging that it is the owner of certain real property in Jefferson Parish, Louisiana, through which flow the waters of the Harvey Canal, a portion of the Intracoastal Waterway owned by the United States of America. It is further alleged that for a distance of 3000 feet plaintiff's land lies immediately adjacent to the waters of the canal, and that during the period from February 9, 1942, through August 17, 1945, the defendant, Koch-Ellis Marine Contractors, Inc., which operates vessels through the canal, moored certain of its boats and barges to plaintiff's property; that plaintiff had previously informed defendant it would make a uniform daily charge of $2.50 for each vessel so moored; that defendant continued to use plaintiff's property after receiving this information, and thereby acquiesced in the said mooring charge levied by plaintiff.
Defendant interposed an exception of no cause or right of action, but the record does not disclose whether the lower court made any disposition thereof, except that it shows "as this exception relates more to the merits of the controversy, it will be so considered."
The defendant denied that the canal is immediately adjacent to plaintiff's property, and while admitting that certain of its boats and barges did stop along the canal, it denied that they rested against any property of plaintiff. Defendant further denied acquiescence in the charges, and averred that whatever use it had made of the banks of the Harvey Canal was a use to which the general public is entitled under the laws of Louisiana.
After a trial on the merits in the court below, there was judgment in defendant's favor dismissing the suit — plaintiff has appealed. The trial court rendered written reasons for judgment, and the matter was adjudicated on the basis of Civ. Code, art. 455, which provides that the use of the banks of navigable rivers and streams is public, and accordingly everyone has a right freely to bring his vessels to land there.
The record shows that plaintiff is the owner of a parcel of land situated in the Parish of Jefferson, in Section 44, Township 14 South, Range 24 East, bounded on the east by the Intracoastal Waterway known as Harvey Canal owned by the United States of America, or by the right-of-way of said canal, on the south by the 80 arpent line, on the west by the property of various persons, and on the north by the property of The Texas Company and various other persons; that commencing at the line of The Texas Company's property on the north, plaintiff's land runs southerly for 3000 feet immediately adjacent or in close proximity to the waters of the canal.
It appears that on March 10, 1924, Harvey Canal Land and Improvement Company conveyed the Harvey Canal to the United States of America, together with a strip of land having a width of 300 feet between parallel lines, the westerly boundary thereof being 160 feet from the center line of the Canal as it was then located, and the easterly boundary being 140 feet from the center line of the canal; that this right-of-way had a length of 3000 feet, the whole depth of plaintiff's property.
Some time after this transaction the federal government widened the Harvey Canal to almost the complete width of the right-of-way, the result being that the property presently owned by plaintiff at some points is immediately adjacent to the waters of the canal. Samuel B. Stewart, plaintiff's manager, testified that the bank line of the canal has also constantly eroded, which could be accredited to wave wash and to towboats and barges knocking off "chunks" of the bank. *Page 68 
Plaintiff, for the past several years, has kept its property open so that vessels traversing the canal might moor thereto, and for such services plaintiff has customarily made a daily charge of $2.50 per vessel, which it claims is the uniform rate assessed against the various barge and towing companies utilizing the canal.
Until May 15, 1945, it appears that plaintiff did not know what the true facts were respecting the location of its property with reference to the waters of the canal, but on that date a survey was made at the behest of plaintiff by Alvin E. Hotard, Civil Engineer and also Engineer of the Parish of Jefferson, a blue print of which is in evidence. The survey shows that plaintiff's land is bounded on the north by the property of The Texas Company, and runs in a southerly direction for a distance of 3000 feet to a point designated on the survey as "U.S.E. D. Sta. 94 and 90." About 1000 feet south of stations 94 and 90 there is located a drainage canal and pumping station. This 1000 foot strip fronts the Harvey Canal, but it is not owned by the plaintiff.
The itemized statement declared upon shows that between the dates alleged certain of defendant's tugs and barges had been moored along the canal, and that there is due plaintiff the sum of $115. Plaintiff attempted to prove the correctness of its bill by the testimony of one William C. Hatch, who has been its employee since February 1942. He testified that his duties consisted of checking and making reports of tugs, barges and other floating equipment which tied up along the banks of the Harvey Canal. He stated that he lives in a small house near the canal on plaintiff's land, and that whenever he noticed a vessel tied up to the bank he would immediately notify plaintiff's office, and plaintiff in turn would bill the owner or operator of the vessel for the mooring charges. Hatch testified that the itemized statement is correct, and that defendant's vessels had been moored along the canal on the dates shown.
On cross examination this witness was interrogated regarding the locations of the moorings, and his testimony respecting that point is as follows:
"Q. Did these barges tie up at one time at one place, and another time at another place? A. Yes.
"Q. And that happened all up and down the property? A. Yes.
"Q. Where did the property begin, that we are talking about? A. On the North end is the Texas Company's property, called there Production Department.
"Q. What is the property on the South? A. The Harvey Drainage and Waterworks Canal.
"Q. I understand that you have taken the numbers of all the boats and barges that moored from the Texas Company's property line on the North, clear down to the drainage canal on the South? A. Yes.
"Q. Would you be able to tell us how many had moored to the banks in the immediate vicinity of the drainage canal on the South? A. I have no recollection.
"Q. Your records don't show if any of these barges or boats used any particular portion of this property? A. No sir."
[1] Hatch appears to have been overzealous in promoting the interests of his employer. From the quoted testimony it will be seen that he not only recorded the vessels that were moored to plaintiff's property, which it is claimed is adjacent to the waters of the canal, but his tabulated list also included vessels that were tied within the 1000 foot strip between the southern end of plaintiff's property and the drainage canal. It is obvious that a charge has been levied against defendant for vessels moored not only to the property of which plaintiff claims ownership, but also to property which plaintiff admits it does not own, and under the circumstances plaintiff has not made its claim certain. The familiar rule of law is that to be entitled to a recovery a litigant must make his claim certain.
[2] Pretermitting all other defenses raised by defendant, plaintiff has been unsuccessful in showing just what vessels were moored to its property, and it is our opinion that the demand should be rejected as of nonsuit. *Page 69 
For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be amended so as to dismiss the demands of plaintiff as of nonsuit, and as thus amended the judgment is affirmed, at appellant's cost.
Amended and affirmed.